# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Tonya Organ, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| Synchrony Bank, ) | **WITH JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Tonya Organ, is a natural person who resides in Newton County, Georgia.

2. Defendant, Synchrony Bank is a private bank formed under the laws of the State of California and headquartered in the State of Utah. Defendant may be served

1

with process via its registered agent, C T Corporation System, at 818 West 7th Street, Suite 930, Los Angeles, California 90017-3476.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein. O.C.G.A. § 9-10-91(1).

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in

the Atlanta Division because the conduct complained of herein occurred in Newton County, which is in the Atlanta Division.

## **FACTUAL ALLEGATIONS**

7.   Plaintiff is the subscriber for the cellular telephone with the number 404-***-0735 (the "Cell Phone").

8.   In or about April, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged debt.

9.   Defendant's calls to Plaintiff were made from phone number 330-433-5979.

10.   The phone number set forth in Enumeration 9 above is utilized by or under the control of Defendant.

11.   Since April, 2016, Plaintiff has received at least twenty-nine (29) similar calls from Defendant.

12.   When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

13.   Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

3

14. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

15. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent no later than April, 2016.

16. Additionally, on or about June 16, 2016, Plaintiff caused to be sent a "Cease and Desist" letter to Defendant, with the United States Postal Service tracking number 9171 9690 0935 0113 5536 98.

17. The Cease and Desist letter was delivered to Defendant on June 18, 2016.

18. Notwithstanding its receipt of the Cease and Desist letter, Defendant proceeded to call Plaintiff on at least seven (7) additional occasions.

19. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

20. Defendant's calls to Plaintiff had no emergency purpose.

21. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

22. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

23. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

24. Plaintiff carries her Cell Phone on her person at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, and her interactions with family and friends, and coworkers.

## DAMAGES

25. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service resulting in Plaintiff paying for the calls initiated by Defendant, (b) depletion of Plaintiff's Cell Phone's battery life resulting in diminished preferred usage by Plaintiff, diminishing Plaintiff's ability to use it for its intended purpose, (c) emotional distress—including frustration and

aggravation—in managing, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendant's compliance with the law.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq*.

26. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

28. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant knew that it did not have Plaintiff's consent to receive its calls at all.  Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

30. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

31. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully stated herein.

32. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

33. It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly, without consent.

34. It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt.

35. It was an unfair business practice for Defendant to continue to contact Plaintiff after she specifically requested that Defendant stop contacting her.

36. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

37. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

38. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

39. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

40. Defendant's conduct amounts to an unfair business practice.

41. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

42. Plaintiff sent a written demand for relief to Defendant more than 30 days prior to filing this action, in accordance with O.G.C.A. § 10-1-399(b), and Defendant did not respond.

43. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

44. Defendant's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

45. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

46. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## TRIAL BY JURY

Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

b.) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.) Actual damages;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

e.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

f.) Such other and further relief as may be just and proper.

Respectfully submitted, this 17th day of October, 2016.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Adam J. Klein
Georgia Bar No.: 425032
*aklein@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*